```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 4/26/2017
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

JONATHAN ALFONSO,

                                  Petitioner,

           -against-

DANIEL MANTUSCELLO,

                                  Respondent.

-----------------------------------------------------------------X

16-CV-9399 (LAP)(SN)

**REPORT AND RECOMMENDATION**

**SARAH NETBURN, United States Magistrate Judge.**

**TO THE HONORABLE LORETTA A. PRESKA:**

      Pro se petitioner Jonathan Alfonso, alleging that he is being held in state custody in violation of his federal constitutional rights, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (the "petition"). On June 10, 2013, following a jury trial in Supreme Court, Bronx County, Alfonso was convicted of Rape in the First Degree, Sexual Abuse in the First Degree, four counts of Robbery in the First Degree and two counts of Endangering the Welfare of a Child, and sentenced to a total term of 14 years of incarceration. ECF No. 12, Respondent's Declaration in Support of Motion to Dismiss (Resp. Decl.) at ¶ 4. Respondent moves to dismiss the petition on the grounds that Alfonso failed to exhaust his administrative remedies.

      Alfonso claims in his petition that his attorney, Javier A. Solano, did not file a Notice of Appeal and thus he was denied his right to exhaust his state remedies. Because there is evidence in the record that demonstrates that the Notice of Appeal was filed (ECF No. 11-3), though never perfected, and because Alfonso may still move in the Appellate Division, First Department for an extension of time in which to perfect his appeal, the Court recommends that respondent's motion

to dismiss be GRANTED and the habeas petition be dismissed without prejudice to its later filing if and when Alfonso properly exhausts his administrative remedies.

**BACKGROUND**

The record accompanying Alfonso's petition largely consists of the following. After his conviction on June 10, 2013, Alfonso wrote a number of letters in an attempt to prove an alibi, learn of the status of his Notice of Appeal, and object to various decisions taken by his trial lawyer, Javier A. Solano.

On December 5, 2013, Alfonso requested court records from the clerk of the Bronx trial court where he was convicted. ECF No. 2 at 21. On the same date, he wrote to the chief legal officer at New York Presbyterian Hospital ("NYPH"), seeking records from a visitor's log book, video surveillance footage, and receipts from a hospital gift shop allegedly tending to prove his alibi on the date of the offense. Id. at 22. This request was denied because, *inter alia*, the hospital represented that "none of the records and files that you have requested are maintained or possessed by NYPH." Id. at 23. Alfonso's further attempts to acquire information from NYPH between 2013 and 2015 were unsuccessful. Id. at 24-29, 32-33, 35-36, 41.

Alfonso also wrote to his trial attorney, Javier A. Solano, on numerous occasions. On June 26, 2015, he wrote him, inquiring if Solano "filed a Notice of Appeal on my behalf as instructed by the Court and requested by myself on the day of sentencing, along with a Poor Person Application and Assignment of Counsel." Id. at 30. On October 19, 2015, he wrote to his attorney again, requesting a clarification of his trial strategy and inquiring again about the Notice of Appeal. Id. at 36, 39–40; see also id. at 43 (similar letter dated February 29, 2016). There are no responses from his attorney in the record.

Finally, on June 26, 2015, Alfonso wrote to the chief clerk of the Appellate Division, First Department, and on February 10, 2016, to the Chief Judge of that court inquiring about his Notice of Appeal. Id. at 31, 42. The record does not show any responses to these letters.

Respondent has produced a copy of the Notice of Appeal filed by Alfonso's counsel on June 20, 2013. ECF No. 11-3. Though the informational sheet accompanying the Notice of Appeal incorrectly references an individual named "Kalieh McMorris," the Notice itself, as well as all the information therein, pertains to Alfonso. According to Respondent, the appeal has yet to be perfected, and no motions have been filed by Alfonso at the trial or appellate levels pertaining to his notice of appeal, including any motion seeking an attorney to be assigned to perfect his appeal or an extension of time to do so. ECF No. 12, Resp. Decl. at ¶ 5.

## ANALYSIS

**I.      Exhaustion of State Remedies**

Federal courts are required to liberally construe pro se litigants' habeas petitions. See Roldan v. Racette, 984 F.2d 85, 87 (2d Cir. 1993); see also Haines v. Kerner, 404 U.S. 519, 520–21 (1972). Before a petitioner is permitted to seek review from a federal court, however, he first must exhaust all state-provided remedies. 28 U.S.C. § 2254(b)(1)(A); O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999); Rose v. Lundy, 455 U.S. 509, 515 (1982). A claim is deemed exhausted if: (1) the petitioner fairly presented to an appropriate state court the same federal constitutional claim that he now urges upon the federal courts; and (2) petitioner presented his claim to the highest state court which could hear his claim. Baldwin v. Reese, 541 U.S. 27, 29 (2004); O'Sullivan, 526 U.S. at 845-48.

The exhaustion doctrine "is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts . . . ."

O'Sullivan, 526 U.S. at 845; see also Carvajal v. Artus, 633 F.3d 95, 104 (2d Cir. 2011) ("[E]xhaustion of state remedies requires that [a] petitioner fairly present federal claims to the state courts in order to give the [s]tate the opportunity to pass upon and correct alleged violations of its prisoners' federal rights." (citations omitted)). This doctrine is "founded on concerns broader than those of the parties; in particular, the doctrine fosters respectful, harmonious relations between the state and federal judiciaries." Wood v. Milyard, 132 S. Ct. 1826, 1833 (2012).

There is a narrow exception to the exhaustion requirement when "(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1)(B); see also Duckworth v. Serrano, 454 U.S. 1, 3 (1981) (exhaustion can be excused "if there is no opportunity to obtain redress in state court or if the corrective process is so clearly deficient as to render futile any effort to obtain relief.") At the same time, "[a]n applicant shall not be deemed to have exhausted the remedies available in the courts of the State . . . if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c).

**II. Analysis**

Alfonso is mistaken in his belief that his lawyer did not file a Notice of Appeal on his behalf, and has not demonstrated that there is an absence of available State corrective process or that such process would be ineffective to protect his rights.[1] Even though the time for Alfonso to perfect his appeal has run, see 22 N.Y.C.R.R. § 600.8(b) (providing that appeals in criminal

---

[1] If Alfonso were correct in his claim that his attorney never filed a Notice of Appeal, any claim of ineffective assistance of counsel could still not be raised in federal court. New York state courts allow such claims to be raised through a *coram nobis* petition, even when the defendant did not discover the omission (with good cause) within the one-year statutory period imposed by C.P.L. § 460.30. People v. Syville, 15 N.Y.3d 391, 399–400 (2010).

cases "must be brought on for argument within 120 days after the last day in which a notice of appeal was required to be filed, unless the time to perfect the appeal is enlarged by the court or a justice thereof"), Alfonso may petition the Appellate Division, First Department for an extension of time pursuant to Rule 600.8(c). This rule states that such an application must be "accompanied by an affidavit satisfactorily explaining the delay and stating whether there is an order of stay of judgment pending determination of the appeal outstanding and, if so, the date such order was granted and whether the appellant is free on bail or his own recognizance." 22 N.Y.C.R.R. § 600.8(c). Moreover, Alfonso may apply for poor person's relief and the waiving of filing fees pursuant to N.Y. CPLR § 1101.

The Court notes that at least one judge in this district has concluded that the Appellate Division, First Department's procedures for appointing appellate counsel for indigent defendants is constitutionally deficient because the "Rights Notice" accompanying the Notice of Appeal is unnecessarily confusing and leads to defendants effectively being denied their right to counsel at the crucial stage between the filing and the perfection of an appeal. Calaff v. Capra, No. 15-CV-7868 (RWS), 2016 WL 6094110, at *4–6 (S.D.N.Y. Oct. 18, 2016) ("It is not surprising that 48 states and New York's Second Department all provide counsel at this critical stage between noticing and perfecting an appeal (or at least until the defendant obtains counsel to perfect the appeal) because to deny a criminal defendant counsel at this critical stage violates . . . appellate due process rights . . . ."); Perez v. Lee, No. 14-CV-5763 (JPO)(BCM), 2017 WL 480619, at *3 n.6  (S.D.N.Y. January 6, 2017) (referencing Calaff). In both Calaff and Perez, however, the petitioners had exhausted their state remedies before bringing their claims in federal court. Because Alfonso has not done so, the Court cannot reach this claim.

Along with this Report & Recommendation, the Court will mail to Alfonso a copy of the Notice of Appeal so that he may move for an extension of time to perfect his appeal and/or for the appointment of appellate counsel if he so chooses.

## CONCLUSION

The Court recommends that Alfonso's petition be DISMISSED without prejudice to its further refiling if and when he properly exhausts his claims in state court. Because the petition makes no substantial showing of a denial of a constitutional right, a certificate of appealability should not issue. See 28 U.S.C. § 2253. The Court further recommends, pursuant to 28 U.S.C. § 1915(a)(3), a certification that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status should be denied for the purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444–45 (1962).

The Court has, however, identified a collateral issue in this case. In its examination of respondents' Notice of Motion, (ECF No. 9, 11), the Court is unable to ascertain if Alfonso was properly served with the motion to dismiss. No affidavit of service appears on the docket, and the "cc:" on the Notice states that it was sent to Jonathan Alfonso, 13-A-3003, Coxsackie Correctional Facility, P.O. Box 999, Coxsackie, NY 12051-0999. On January 11, 2017, however, Alfonso properly filed a memorandum changing his address to Jonathan Alfonso, 13-A-3003, Eastern Correctional Facility, P.O. Box 338, Napanoch, NY 12458.

Given the Court's recommendation that the petition is unexhausted and that Alfonso must pursue his claims in state court, it believes that staying its Report and Recommendation and ordering respondent to re-serve the motion would only prejudice Alfonso's efforts to exhaust his state remedies in a timely fashion. Nevertheless, the Court must also ensure that Alfonso has an adequate right to respond to the motion and its Report and Recommendation.

Accordingly, the Court ORDERS respondent to effectuate service of its motion to dismiss on Alfonso within two business days of this Report and Recommendation and file an affidavit of service on the docket. If Alfonso has already been properly served at his correct address, respondent is ordered to file an affidavit or sworn declaration to that effect within the same time frame. To accommodate these unique circumstances, the Court extends the period of time that Alfonso has to object to this Report and Recommendation from 14 to 30 days. Any further requests for additional time should be addressed directly to the Honorable Loretta A. Preska.

_____
SARAH NETBURN
United States Magistrate Judge

DATED: April 26, 2017
New York, New York

cc: Jonathan Alfonso (*by Chambers*)
13-A-3003
Eastern Correctional Facility
P.O. Box 338
Napanoch, NY 12458

\*           \*           \*

**NOTICE OF PROCEDURE FOR FILING OBJECTIONS
TO THIS REPORT AND RECOMMENDATION**

The parties shall have thirty days from the service of this Report and Recommendation to file written objections pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure. See also Fed. R. Civ. P. 6(a), (d) (adding three additional days when service is made under Fed. R. Civ. P. 5(b)(2)(C), (D), or (F)). A party may respond to another party's objections within fourteen days after being served with a copy. Fed. R. Civ. P. 72(b)(2). Such

7

objections shall be filed with the Clerk of the Court, with courtesy copies delivered to the chambers of the Honorable Loretta A. Preska at the United States Courthouse, 500 Pearl Street, New York, New York 10007, and to any opposing parties. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72(b). Any requests for an extension of time for filing objections must be addressed to Judge Preska. The failure to file these timely objections will result in a waiver of those objections for purposes of appeal. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72(b); Thomas v. Arn, 474 U.S. 140 (1985).